UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------x
                              :
ALAA AL JABER,                :
                              :
          Petitioner,         :
                              :   Civil No. 3:12CV1212(AWT)
v.                            :
                              :
UNITED STATES OF AMERICA,     :
                              :
          Respondent.         :
                              :
------------------------------x

## RULING ON MOTION PURSUANT TO 28 U.S.C. § 2255

Petitioner Alaa Al Jaber, proceeding pro se, has filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.  The petitioner claims that he is entitled to relief because (1) his counsel provided constitutionally ineffective assistance, and (2) the court erred in finding that he was eligible for application of a 10 year mandatory minimum sentence pursuant to 21 U.S.C. §§ 851 and 841(b)(1)(B).  For the reasons set forth below, the petitioner's contentions are without merit, and the motion is being denied without a hearing.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On June 5, 2007, a federal grand jury returned an Indictment against the petitioner and sixteen other defendants. The Indictment charged the petitioner with conspiracy to possess with the intent to distribute a kilogram or more of heroin in

violation of 21 U.S.C. § 846 (Count One) and using a cellular telephone to commit a drug trafficking offense in violation of 21 U.S.C. § 843(b) (Count Twenty-Nine).  The petitioner pled not guilty to both charges.

Prior to trial, the government filed a Second Offender Information pursuant to 21 U.S.C. § 851, asserting that the petitioner had previously been convicted in 2004 of a felony drug offense in the Superior Court for the State of Maine.

Jury selection was conducted on June 13, 2008 and the trial commenced on June 24, 2008.  Prior to the presentation of evidence on June 24, 2008, the government moved to dismiss Count Twenty-Nine of the Indictment.  After the government rested, the petitioner sought to enter into evidence the plea petition of one of the petitioner's co-defendants, Sixto Polanco ("Polanco"), but the court ruled that the plea petition was inadmissible.  The petitioner then rested.  He did not testify or call any other witnesses.

The jury returned a guilty verdict against the petitioner on Count One on June 30, 2008.  In reaching its verdict, the jury answered a special interrogatory and found that the amount of heroin involved in the conspiracy that was reasonably foreseeable to the petitioner was less than one kilogram, but one hundred grams or more.

After the jury returned its verdict, the court asked the petitioner whether he affirmed or denied that he had previously been convicted of the offense alleged in the Second Offender Information.  The petitioner entered a verbal denial because his counsel was still investigating the matter, and he subsequently filed a written denial.  On January 7, 2009, the court held a hearing regarding the Second Offender Information.  After reviewing a certified copy of the judgment from the State of Maine showing the petitioner's previous conviction and examining the transcript of the plea proceeding in that case, the court determined that the government had met its burden of proving that the prior conviction constituted a predicate offense for purposes of 21 U.S.C. §§ 851 and 841(b)(1)(B).

On August 11, 2010, the court sentenced the petitioner to the statutory minimum term of imprisonment of 120 months, to be followed by a term of supervised release of 15 years.  The petitioner filed a timely appeal arguing that the court abused its discretion: (1) by denying the petitioner's proffer of Polanco's plea petition, (2) by not granting the petitioner's motion for a bill of particulars, and (3) by not striking certain testimony of one of the petitioner's co-conspirators, Francisco Rodriguez-Llorca ("Rodriguez-Llorca").  The Second Circuit affirmed the petitioner's conviction on September 16, 2011.

## II.  LEGAL STANDARD

Federal prisoners can challenge a criminal sentence pursuant to 28 U.S.C. § 2255 only in limited circumstances.  The Second Circuit has held that a "collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice." Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (internal citation and quotation marks omitted).  Section 2255 provides that a district court should grant a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  However, "[t]he language of the statute does not strip the district courts of all discretion to exercise their common sense." Machibroda v. United States, 368 U.S. 487, 495 (1962).  In making its determination regarding the necessity of a hearing, a district court may draw upon its personal knowledge and recollection of the case.  See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1997); United States v. Aiello, 900 F.2d 528, 534 (2d Cir. 1990).  A § 2255 petition, or any part of it, then, may be dismissed without a hearing if, after a review of the record, the court determines that the motion is

without merit because the allegations are insufficient as a matter of law.

## III. DISCUSSION

### A.   <u>Ineffective Assistance of Counsel</u>

The petitioner contends that his counsel was constitutionally ineffective for: (1) failing to consult with him on important decisions and keep him informed of important developments, (2) failing to conduct an independent investigation of the facts of the case, (3) failing to subpoena certain witnesses, (4) failing to present the defense the petitioner wanted him to, (5) failing to conduct an effective cross-examination and give an effective closing argument, (6) failing to discuss the Presentence Report ("PSR") with the petitioner and make objections to it, (7) failing to file a reply brief on appeal, and (8) preventing the petitioner from testifying at trial.  Each of the petitioner's contentions lacks merit.

To prevail on an ineffective assistance of counsel claim, the petitioner must show that his "counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88, 694 (1984).  "The court 'must indulge a strong presumption

that counsel's conduct falls within the wide range of reasonable professional assistance,' bearing in mind that '[t]here are countless ways to provide effective assistance in any given case' and that '[e]ven the best criminal defense attorneys would not defend a particular client in the same way.'" United States v. Aguirre, 912 F.2d 555, 560 (2d Cir. 1990) (quoting Strickland, 466 U.S. at 689).  "The court's central concern is not with 'grad[ing] counsel's performance,' but with discerning 'whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results.'"  Id. at 560 (quoting Strickland, 466 U.S. at 696-67) (internal citations omitted).

### 1.    *Failure to Consult (Ground One)*

The petitioner asserts that his counsel did not consult with him on important decisions and did not keep him informed about important developments, and that the failure to do so constituted ineffective assistance of counsel.  This claim is without merit.

The petitioner states that his counsel:

(a) did not consult with [him] before he file[d] meritless pretrial motions[;] (b) did not verify or even ask his client if he was actually innocent[;] (c) did not accept any of his client's defenses that [would] actually prove his innocence[; and] (d) did not ask his client if he ha[d] any issues to raise in the appeal . . . .

-6-

(Reply (Doc. No. 12) at 7).  While "consult[ing] with the
defendant on important decisions and . . . keep[ing] the
defendant informed of important developments in the course of
the prosecution" are basic duties of an attorney representing a
criminal defendant, Strickland, 466 U.S. at 688, the
petitioner's counsel did not violate such duties in representing
the petitioner.

As to the contention that the petitioner's counsel did not
consult with him prior to filing pre-trial motions, the
petitioner has not identified the pre-trial motions to which he
is referring.  Thus, even if the court were to conclude that
counsel was deficient for failing to consult with the petitioner
regarding pre-trial motions, the petitioner has not shown, or
even alleged, any prejudice that resulted from the failure to
consult.

Likewise, the petitioner has not shown that he was
prejudiced by his counsel's failure to ask him whether he was
innocent.  As an initial matter, the petitioner states that he
asked his counsel to present a particular defense which, the
petitioner contends, would have proven his innocence.  Thus, it
appears that the petitioner did inform his counsel that he took
the position that he was innocent, so there was no prejudice
from any failure to ask.  However, even if the petitioner had

not told his counsel that he was innocent, he has not shown how that fact would have affected the defense strategy such that the outcome at trial would have been different.

The petitioner's third claim appears not to be that his counsel did not consult with him, but rather that his counsel did not present the defense that the petitioner wanted him to present.  Although the petitioner does not state which defenses he wanted his counsel to present, in Ground Four of the petition the petitioner references a claimed defense that he was seeking to purchase tires, and not heroin, from Rodriguez-Llorca because the petitioner was a mechanic and Rodriguez-Llorca was a car dealer.  Assuming this is the defense to which the petitioner is referring, the decision not to present this defense[1] was a sound trial strategy of the petitioner's counsel based on the evidence presented by the government.  Thus, the failure to present the petitioner's preferred defense did not constitute ineffective assistance of counsel.  See Henry v. Poole, 409 F.3d 48, 63 (2d Cir. 2005) ("Actions or omissions by counsel that might be considered sound trial strategy do not constitute ineffective assistance." (internal quotation marks omitted)).  Furthermore, the petitioner has not shown that he was prejudiced by the failure to present the defense that he wanted.

---

[1] The court notes that petitioner's counsel did ask Rodriguez-Llorca about his history of buying and selling cars and whether the petitioner had sought to purchase cars from him.

As to the claim that the petitioner's counsel did not consult with him about whether there were any specific issues that he wanted to raise on appeal, the petitioner has not identified any specific issue that he thinks his counsel should have appealed but did not.[2]  Thus, the petitioner has not shown he was prejudiced by the alleged failure to consult.

### 2.  *Failure to Investigate (Ground Two)*

The petitioner asserts that his counsel did not conduct an independent investigation of the facts of the case.  This claim appears to be related, at least in part, to the petitioner's allegation that his counsel did not present the petitioner's preferred defense.  To the extent the petitioner's claim is that his counsel did not present his defense that he was seeking to purchase tires and not heroin, the failure to present the defense did not constitute ineffective assistance.  See supra Part III.A.1.

The petitioner also states in conclusory fashion that his counsel "did not investigate the case, did not visit his client or even ask if he was really guilty or not, and thus, did not prepare any defense in the case[.]"  (Habeas Petition (Doc. No. 1-1) at 8).  However, the record reflects that even if the court were to conclude that counsel did not investigate the facts of

---

[2] To the extent the petitioner argues that his counsel should have appealed the applicability of 21 U.S.C. § 851, this argument is addressed in Section III.B, infra.

the case, which is belied by the record, the petitioner has not shown that he was prejudiced by the failure to do so. The petitioner does not identify any specific facts that he contends his counsel would have uncovered had he conducted an investigation, or a more thorough investigation, of the case. Additionally, the record reflects that the petitioner's counsel was well-versed in the facts of the case. So without a specific assertion by the petitioner as to some failing of his counsel that was a result of the failure to investigate, the petitioner has not met his burden of showing that he was prejudiced.

### 3.   *Failure to Subpoena Witnesses and Present Documentary Evidence (Grounds Three and Five)*

The petitioner states that his counsel provided ineffective assistance in failing to subpoena two of the petitioner's co-conspirators, Polanco and Andres Bolanos ("Bolanos"), and present certain documentary evidence. Such claims are without merit.

"Habeas claims based on complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified to are largely speculative." Lou v. Mantello, No. 98-CV-5542(JG), 2001 WL 1152817, *10 (E.D.N.Y. Sept. 25, 2001). "The decision whether to call any witnesses on behalf of the defendant, and if so

which witnesses to call, is a tactical decision of the sort engaged in by defense attorneys in almost every trial." <u>United States v. Nersesian</u>, 824 F.2d 1294, 1321 (2d Cir. 1987).

The petitioner contends that testimony from Polanco and Bolanos would have conflicted with the trial testimony of Rodriguez-Llorca and thereby undermined Rodriguez-Llorca's testimony. However, the petitioner does not state why or how Polanco and Bolanos's testimony would have conflicted with that of Rodriguez-Llorca. While the petitioner does state that Bolanos could have testified as to how much heroin was in each bag of heroin, because Rodriguez-Llorca admitted he did not know, the petitioner does not contend that Bolanos's testimony would have been helpful to him; he only appears to contend that the testimony would establish more precisely how much heroin was in each bag.

Furthermore, given the fact that Polanco and Bolanos had pled guilty but had not yet been sentenced at the time of the petitioner's trial, it is unlikely that they would have testified even if a subpoena had been issued. In fact, the petitioner states that his counsel advised him that they would likely invoke their Fifth Amendment rights. Thus, the petitioner has not shown that counsel was ineffective for failing to subpoena Polanco and Bolanos or that he was prejudiced by the failure to do so.

The petitioner also contends that his counsel was ineffective by failing to "show the jury documental proof that [Rodriguez-Llorca's] regular job is a car dealer and that the [petitioner's] regular job is mechanic." (Habeas Petition (Doc. No. 1-1) at 9). However, as discussed above in Section III.A.1 n.1, the petitioner's counsel did ask Rodriguez-Llorca on cross-examination whether he had sold cars, and Rodriguez-Llorca answered in the affirmative. Thus, it was unnecessary for counsel to submit documentary evidence supporting that uncontroverted fact, and the failure to submit the documentation does not render counsel's representation constitutionally ineffective.

### 4. *Failure to Present Petitioner's Defense (Ground Four)*

For the reasons set forth in Part III.A.1 above, the petitioner has not shown that counsel rendered ineffective assistance or that he was prejudiced by counsel's failure to present his defense that he was seeking to purchase tires and not heroin.

### 5. *Failure to Effectively Cross-Examine Witnesses and Give an Effective Closing (Ground Six)*

The petitioner contends that his counsel did not effectively cross-examine Rodriguez-Llorca and that his counsel did not point out various contradictions in Rodriguez-Llorca's testimony during his closing argument.

-12-

The petitioner's contentions are belied by the trial
record.  Through cross-examination, the petitioner's counsel
called into question the details of Rodriguez-Llorca's testimony
about a trip he took to Maine to deliver heroin to the
petitioner and elicited from Rodriguez-Llorca that he did not
know how much heroin was in each bag of heroin he delivered to
the petitioner.  Counsel also vigorously cross-examined the case
agents who testified at trial.  During his closing argument, the
petitioner's counsel addressed the evidence, and the lack
thereof, and attacked the credibility of Rodriguez-Llorca.
Counsel emphasized that Rodriguez-Llorca did not know how much
heroin had been involved in his dealings with the petitioner.
Based on the evidence, counsel argued, the government had not
met its burden of proving beyond a reasonable doubt that the
petitioner was involved in the conspiracy.

Defense counsel's performance during trial was well within
the bounds of objectively reasonable representation.  In
addition, the petitioner has not shown that the result would
have been different but for the alleged ineffective performance
by his counsel during cross-examination and closing argument.

### 6. *Failure to Discuss the PSR and Make Objections to it (Ground Seven)*

The petitioner contends that his counsel did not discuss
the PSR with him and that his counsel did not make the

objections to the PSR desired by the petitioner.  The petitioner
states that he wanted his counsel to object to the heroin
quantity and the application of the mandatory minimum sentence.

The petitioner's contention that his counsel did not
discuss the PSR with him is contradicted by the record of the
sentencing proceeding on August 11, 2010.  After swearing in the
interpreter and determining that the petitioner and the
interpreter could understand each other, the court inquired as
to whether counsel and the petitioner had reviewed the PSR:

> The Court:   Mr. Einhorn, have you had an opportunity
> to read the Presentence Report, as amended?
>
> Mr. Einhorn:  I have, Your Honor, yes.
>
> The Court: Has your client read it or has it been
> summarized for him by you?
>
> Mr. Einhorn:  Both, Your Honor.
>
> The Court:  He's read it in English?
>
> Mr. Einhorn:  Yes, Your Honor.  I've given him a copy
> quite some time ago, and I inquired of him this
> morning.  He had help at Wyatt reading it, going
> through it.  And then I went through it again with him
> piece-by-piece.
>
> The Court:  And does the defendant have any correction
> or objections to the report, as amended?
>
> Mr. Einhorn:  No, Your Honor . . . .

(Sentencing Tr. 8:3-8:17).  Despite being present at the hearing
and being able to understand what was going on, at no time did
the petitioner object to his counsel's statements.

-14-

Additionally, when the court asked the petitioner whether he would like to make a statement, he did so and did not state that his counsel had not gone over the PSR with him or that he had objections to it.

As to the objections the petitioner states he wanted to make to the PSR, counsel's decision not to make those objections at sentencing was reasonable under the circumstances.  The petitioner's counsel had previously objected to the application of the mandatory minimum sentence, but the court, after holding a hearing on the issue, determined that it applied.  Thus, it was reasonable for the petitioner's counsel to not attempt to reargue the application of the mandatory minimum sentence during the sentencing.  Also, in his sentencing memorandum, the petitioner's counsel challenged the quantity of heroin involved in the offense and argued that "[t]he evidence against the defendant at trial was wholly uncorroborated." (Def.'s Sentencing Mem. at 2).  However, because of the mandatory minimum term of incarceration of 10 years, challenging the amount of heroin involved in the offense could not lower the petitioner's Guidelines range.  Thus, it was reasonable for counsel not to challenge the quantity at sentencing, and even if it was not, the petitioner did not suffer any prejudice from the failure to do so.

### 7.   *Failure to File a Reply Brief on Appeal (Ground Eight)*

The petitioner contends that his counsel was constitutionally ineffective for failing to file a reply brief in further support of his brief on appeal.  This contention is without merit.

Federal Rule of Appellate Procedure 28(c) provides that "[t]he appellant <u>may</u> file a brief in reply to the appellee's brief." (emphasis added).  Thus, the petitioner's counsel was not required to file a reply brief in response to the government.  Additionally, the petitioner does not state what claim or argument his counsel should have made in response to the government's brief and how the failure to do so resulted in his conviction being affirmed.  Therefore, the petitioner has not met his burden of showing that his counsel's conduct fell below an objective standard of reasonableness and that he suffered prejudice.

### 8.   *Preventing the Petitioner from Testifying in His Defense (Ground Nine)*

The petitioner contends that his counsel rendered constitutionally ineffective assistance because his counsel prevented him from testifying in his own defense at trial.  The petitioner's contention is without merit because it is contrary to the trial record.

On June 30, 2008, before the jury was brought into the courtroom on the fourth day of trial, the court addressed the petitioner directly and discussed with him whether he would testify:

> The Court:  We have a few things to cover before we bring the jury in.  The first thing I want to do is discuss with Mr. Al Jaber his decision as to whether or not he's going to testify.
>
> When the jury comes in, we will turn to Mr. Einhorn and tell him we're ready for the defense case.  It's my understanding he's going to say the defense rests, which means that, Mr. Al Jaber, you won't be testifying.  I want to be certain that you understand that you have the right to testify in this case.  Do you understand that, sir?
>
> The Defendant:  Yes, sir.
>
> The Court:  Do you understand that the decision as to whether to testify is ultimately your decision and that it is a decision which is to be made by you only after full consultation with your attorney, but it is a decision that you must make, not your attorney?  Do you understand that, sir?
>
> The Defendant:  Yes, Your Honor.
>
> The Court:  Do you believe you've had the opportunity to have a full consultation with your attorney as to what is in your best interest in terms of whether you testify or do not testify?
>
> The Defendant:  Yes, Your Honor.
>
> The Court:  Have you concluded that it is in your best interest not to testify?
>
> The Defendant:  Yes.
>
> The Court:  Do you understand that if you change your mind at any point before Mr. Einhorn gets up and says the defense rests, you should let me know and we can

revisit this decision of yours?   Do you understand
that, sir?

The Defendant:  Yes.

The Court:   But you also understand that's going to
happen in about ten minutes or so?

The Defendant: Yes, Your Honor.

The Court:   Are you entirely comfortable with this
decision you've made, sir?

The Defendant:  Yes, Your Honor.

(Trial Tr. Vol. IV 530:4-531:17).   Thus, the record reflects

that the petitioner made the decision not to testify and was not

prevented by his counsel from doing so.

In his reply brief in support of his habeas petition, the

petitioner states that while he did choose not to testify, he

did so on his counsel's advice.   Thus, the petitioner appears to

contend that his counsel rendered ineffective assistance in

advising him not to testify.   However, the petitioner also

states that his counsel warned him that if he chose to testify,

he would be subject to cross-examination by the government and

also that he could receive a more severe sentence.   (See Reply

(Doc. No. 12) at 8).   In light of the risks associated with the

petitioner testifying, the advice by counsel not to testify did

not fall below an objective standard of reasonableness.

**B.   Application of Mandatory Minimum Sentence**

Prior to trial, the government filed a Second Offender Information as authorized and required by 21 U.S.C. § 851.  It asserted that the petitioner had previously been convicted of a felony drug offense in the State of Maine.  After the guilty verdict the court held a hearing and found that the mandatory minimum sentence enhancement pursuant to 21 U.S.C. §§ 851 and 841(b)(1)(B) was applicable to the petitioner's sentencing.

The petitioner contends that "the [g]overnment enhancement under 851 was not justifiable." (Habeas Petition (Doc. No. 1-1) at 14).  The petitioner appears to argue that the court should not have determined that his prior conviction constituted a predicate offense for purposes of the enhancement.  The petitioner did not raise this claim on appeal.

"[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003).  In order to show cause, the petitioner must demonstrate either that (1) he was "represented by counsel whose performance [was] . . . constitutionally ineffective under the standard established in Strickland v. Washington"; or (2) "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1984).

Such external factors include "that the factual or legal basis for a claim was not reasonably available to counsel, or that some 'interference by officials' made compliance impracticable . . . ." Id. (internal citation omitted).  In order to establish prejudice, the petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis in original).

The petitioner does not state, much less show, why he did not raise this issue on appeal.  However, even if the court were to construe the petitioner's contentions as stating that he did not appeal this issue because his counsel's performance was constitutionally ineffective, he could not prevail.

First, the petitioner has not shown that his counsel's performance fell below an objective standard of reasonableness for failing to appeal the application of the mandatory minimum sentence.  An "indigent defendant [does not have] a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points."  Jones v. Barnes, 463 U.S. 745, 751 (1983).  The petitioner's counsel did directly appeal three issues, but

declined to appeal the application of the mandatory minimum sentence.  Such a judgment was within the realm of reasonable professional assistance given that the court had conducted a hearing regarding the applicability of 21 U.S.C. §§ 851 and 841(b)(1)(B) and concluded, based on the evidence, that the petitioner's prior offense was a felony and qualified as a "felony drug offense."  Additionally, the petitioner has not shown that he likely would have prevailed if the application of the mandatory minimum sentence had been raised on appeal.

Therefore, because the petitioner has not shown cause for failing to appeal and prejudice therefrom, the petitioner's argument is a direct challenge to his sentence and is procedurally barred.

## IV.  CONCLUSION

For the reasons set forth above, the Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is hereby DENIED.

The court will not issue a certificate of appealability because the petitioner has not made a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).

The Clerk shall close this case.

It is so ordered.

Dated this 12th day of August 2014, at Hartford, Connecticut.

_____/s/_____
Alvin W. Thompson
United States District Judge